UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO RODRIGUEZ JR.,

                    Plaintiff,

        -against-

DUTCHESS COUNTY JUSTICE AND
TRANSITION CENTER; PEDRO MIRANDA
HERNANDEZ; GENE GREEN; JOSEPH
MARINO; JANE DOE; PRIMECARE
MEDICAL; CHLOE DERBY,

                    Defendants.

**ORDER OF SERVICE**

26-CV-02673 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently detained at the Dutchess County Justice and Transition Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging that on September 29, 2025, Defendants subjected him to excessive force and denied him adequate medical care for the resulting injuries. By order dated April 27, 2026, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### DISCUSSION

I.    Attorney Chloe Derby

Plaintiff asserts claims under 42 U.S.C. § 1983 against Chloe Derby, his public defender. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that a legal aid organization ordinarily is not a state actor for purposes of § 1983). As Chloe Derby is a private party who is not alleged to work

for any state or other government body, and who is not alleged to have engaged in concerted action with a state actor, Plaintiff has not stated a claim against this defendant under Section 1983.[2]

II.     Dutchess County Justice and Transition Center ("DCJTC")

The complaint names DCJTC as a defendant. Under New York law, however, a plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter. *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024); *see Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) (noting that in New York, agencies of a municipality are, generally, not "suable"). The DCJTC does not appear to have a separate legal identity apart from the municipality that created it, and it is thus a non-suable entity. *See Rivera v. Dutchess Cnty. Just. & Transition Ctr.*, No. 25-CV-06312, 2026 WL 791902, at *1 (S.D.N.Y. Mar. 20, 2026) (holding that DCJTC is a non-suable entity); *Gonzalez v. Dutchess Cnty. Just. & Transition Ctr.*, No. 25-CV-04729, 2025 WL 2793705, at *3 (S.D.N.Y. Oct. 1, 2025) (same). The Court therefore dismisses Plaintiff's claims against the DCJTC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and his clear intention to assert claims against the County of Dutchess, the Court construes the complaint as asserting claims against the County of Dutchess and directs the Clerk of Court to amend the caption of this action to replace the DCJTC with the County of Dutchess as a defendant. *See* Fed. R. Civ. P. 21. This substitution is without prejudice to any defenses that the County of Dutchess may wish to assert.

---

[2] In any event, the complaint does not contain any allegations against Chloe Derby. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

III.    Service on the named defendants (Dutchess County, Pedro Miranda Hernandez, Gene Green, Joseph Marino, and Primecare Medical)

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

IV.    The Doe defendants (Doe CERT Officers and PrimeCare Medical Jane Doe Nurse)

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DCJTC to identify: (1) the CERT officers who entered Plaintiff's cell (#29 in the Bravo Housing Unit) on September 29, 2025; and (2) the Jane Doe PrimeCare Medical nurse who treated Plaintiff in the holding cell on that day. It is therefore ordered that the Dutchess County Attorney, who is the attorney for and agent of Dutchess County, must ascertain the identity of each Doe defendant whom Plaintiff seeks to sue here and the address where each defendant may be served. The Dutchess County Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

The Court will deem the complaint amended once the John or Jane Doe defendants are identified, and if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the newly named John or Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

V.    Local Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve on Plaintiff responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**CONCLUSION**

The Court dismisses Plaintiff's claims against the Dutchess County Justice and Transition Center and Chloe Derby for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the County of Dutchess as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to: (1) issue summonses for Defendants Dutchess County, Pedro Miranda Hernandez, Gene Green, Joseph Marino, and Primecare Medical, complete the USM-285 form with the address for each of these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service; (2) mail a copy of this order and the complaint to the Dutchess County Attorney at: Office of the Dutchess County Attorney, 22 Market Street, Poughkeepsie, NY 12601; and (3) mail an information package to Plaintiff.

Local Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    White Plains, New York
          June 8, 2026

_____
PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.   Officer Pedro Miranda Hernandez
     Dutchess County Justice and Transition Center
     150 North Hamilton Street
     Poughkeepsie, NY 12601

2.   Officer Gene Green
     Dutchess County Justice and Transition Center
     150 North Hamilton Street
     Poughkeepsie, NY 12601

3.   Inspector Joseph Marino
     Dutchess County Justice and Transition Center
     150 North Hamilton Street
     Poughkeepsie, NY 12601

4.   PrimeCare Medical
     Dutchess County Justice and Transition Center
     150 North Hamilton Street
     Poughkeepsie, NY 12601

     PrimeCare Medical
     3940 Loust Lane
     Harrisburg, PA 17109

5.   Dutchess County
     Office of the Dutchess County Attorney
     22 Market Street
     Poughkeepsie, NY 12601